**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DIANA L. KADY** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | **CASE NO. 4:07 CV 1658** |
| | ) | |
| **MATTHEW P. HAUS, ET AL.** | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the court upon Defendant United States Postal Service's Motion To Dismiss. (Dkt. #8). Plaintiff Diana L. Kady failed to respond. For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED.**

**I.     BACKGROUND**

Plaintiff Diana L. Kady ("Kady") filed her Complaint on May 20, 2007, in the Court of Common Pleas, Mahoning County, Ohio. Kady alleges that she was negligently struck by a vehicle operated by Defendant Matthew Haus ("Haus") while she was operating a vehicle in the performance of her duties as an employee of the United States Postal Service. (Dkt. #1). Kady also named the United States Postal Service as a Defendant, and on June 5, 2006, the United States removed the instant matter to this Court. (Dkt. #1).

1

**II.     LAW AND ANALYSIS**

The United States Postal Service filed the instant motion, claiming that it is entitled to dismissal on jurisdictional grounds. The United States asserts that: 1) it is not a proper party in interest under the Federal Employees' Compensation Act, 5 U.S.C. § 1801, et seq. ("FECA"); and 2) the doctrine of foreign sovereign immunity bars Plaintiff's suit against the United States Postal Service. Each argument will be addressed in turn.

**A.     "Party in Interest" Under FECA**

In 1966, Congress enacted FECA, a comprehensive scheme for compensating federal employees who were injured on the job. Included within the statutory scheme were provisions relating to the manner in which the United States could recover some or all of the benefits it had paid to an injured employee where the injury compensated for was caused under circumstances creating liability in a person other than the United States to pay the damages. Where the employee who has been paid benefits under FECA receives money or property from a third party, the employee has an obligation to refund to the United States that part of the compensation which equals the benefits which the employee recovered under the Act, minus certain allowable costs. 5 U.S.C. § 8132.

Pursuant to Sections 8131 and 8132 of FECA, the United States may proceed in one of three ways to recover benefits paid to an injured employee. First, the United States may require the injured employee to assign to the United States any right of action the employee may have against any third party, in which case the United States may sue the third party directly. Secondly, the United States may require the employee to prosecute the action in

2

her own name. An employee who refuses to assign or prosecute an action in her own name when required to do so is not entitled to compensation under FECA. Finally, the employee may voluntarily prosecute the claim in her own name and the government may seek to recover the amount to which it is entitled directly from the employee under 5 U.S.C. § 8132.

It has been uniformly held that without an assignment under 5 U.S.C. § 8131(a)(1), the United States is not a real party in interest in a suit between the injured employee and the third party tortfeasor. Louisville and Nashville R.R. Co. v. Rochelle, 252 F.2d 730 (6th Cir. 1958); United States v. Klein, 153 F.2d 55 (8th Cir. 1946); Arnold v. Aermotor, Inc., 244 F.Supp 589 (E.D. Pa. 1965); Hollingsworth v. Satterwhite, 723 P.2d 169 (Colo. App.1986). Under federal law, a plaintiff cannot force the joinder of the United States as a defendant where there has been no assignment by the plaintiff of her rights against the third party tortfeasor pursuant to FECA.

In the instant matter, the United States is not a real party in interest because the United States has no claim against any party at this time. The only claim which the United States might have in this particular matter is a suit in quasi-contract against the Plaintiff, should the Plaintiff recover funds from Defendant Haus. U.S. v. Limbs, 524 F.2d 799 (9th Cir. 1975). Such a claim would arise between the United States and the employee who received benefits only after the employee has received compensation from a third party and failed to satisfy the statutory interest of the United States. As Plaintiff has yet to obtain compensation, such a claim is not yet ripe.

3

Furthermore, it has been held that the remedies of the United States and of the Plaintiff in this action are governed exclusively by the provisions of the FECA. Louisville and Nashville R.R. Co. at 735. To the extent a conflict exists between the Ohio Rules of Civil Procedure and federal law, federal law must control. Under the Supremacy Clause of the United States Constitution (Article VI, Clause 2), validly enacted federal law preempts any inconsistent state law. Free v. Bland, 369 U.S. 663, 666 (1962).

### B. Sovereign Immunity

Finally, apart from the foregoing considerations, the doctrine of sovereign immunity requires the dismissal of the United States Postal Service as a Defendant in this case. Arnold v. Aermotor, Inc., 244 F.Supp. 589, 592 (E.D. Pa. 1965); Dierssen v. Woolever, 3 F.R.D. 342 (D. Conn. 1944).

"'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999) (Quoting FDIC v. Meyer, 510 U.S. 471, 475 (1994)). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, 161 (1981). Sovereign immunity is jurisdictional in nature. United States v. Mitchell, 463 U.S. 206, 212 (1983); Gao v. Jenifer, 185 F.3d 548, 554 (6th Cir.1999).

In the instant matter, there is no waiver of sovereign immunity in the FECA or any

4

other federal statute that would allow the United States or its agency, the United States Postal Service, to be named as a defendant in a tort action against a third-party. As a result, the United States Postal Service should be dismissed "since there is nowhere shown permission by the sovereign to submit to suit in a matter of this nature under the Compensation Act." Dierssen, 3 F.R.D. at 343; Arnold, 244 F.Supp. at 592.

### III. CONCLUSION

The Court hereby orders that the United States Postal Service is dismissed for lack of subject matter jurisdiction. Accordingly, the United States' Motion to Dismiss is **GRANTED.** (Dkt. #7).

The Court further acknowledges that the sole basis of its subject matter jurisdiction rests with the dismissed federal claim. The district court has a "continuing obligation" to enquire into the basis of subject matter jurisdiction to satisfy itself that jurisdiction to entertain an action exists. Nationwide Mut. Ins. Co. v. Cisneros, 52 F.3d 1351, 1361 (6th Cir.1995). This is particularly so in removal actions, where "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to the state court]." 28 U.S.C. § 1447 (c). "Unlike other issues not involving the merits of a case, subject matter jurisdiction may be raised at any time, by any party or even sua sponte by the court itself." Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir.1992); accord Fed. R. Civ. P.12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Where, as here, the only remaining federal claim is dismissed, the

court generally will remand the action to the state from where the action was removed. Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1994) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.") (Citations omitted).

Accordingly, Court orders that the instant matter is hereby **REMANDED** to the Court of Common Pleas, Mahoning County, Ohio.

**IT IS SO ORDERED.**

/s/ *Peter C. Economus* -September 28, 2007
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**